UNITED STATES v. DISCHER et al.

(District Court, S. D. New York. January 22, 1919.)

1. MONOPOLIES ⊂⊃24(2)—DISSOLUTION OF COMBINATION—MODIFICATION OF DECREE.

Evidence *held* insufficient to warrant modification of an injunction decree in a suit to dissolve a combination of manufacturers as illegal under the Sherman Anti-Trust Act (Comp. St. §§ 8820–8823, 8827–8830).

2. MONOPOLIES ⊂⊃24(2)—DISSOLUTION—INJUNCTION—MODIFICATION OF DECREE.

Where a decree has been granted by consent, in effect enjoining the defendants, who were engaged in the combination, from granting joint licenses of patents covering parts of automobile bumpers, the injunction will not be modified upon affidavits that the patents are not competitive, but that one dominates the other, in the absence of the most convincing proof.

In Equity. Suit by the United States against Grant F. Discher and others. On motion by certain defendants for modification of decree. Denied.

Francis G. Caffey, U. S. Atty., of New York City (Henry A. Guiler, of New York City, Ryland W. Joyce, of Washington, D. C., and Rush H. Williamson, Sp. Assts. U. S. Atty., of New York City, of counsel), for the United States.

E. H. Bottum, of Milwaukee, Wis., and Phillip W. Haberman and Edwin P. Grosvenor, both of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. The defendants Grant F. Discher and Central Brass & Fixture Company petition for an amendment of the decree which will allow them, together with the Gemco Manufacturing Company, jointly to grant licenses to manufacture and sell automobile bumpers embodying patent No. 974,212 issued to Turner and Crabill, and patent No. 1,052,224, issued to Discher. The royalties are fixed in the proposed license for structures embodying either or both of the patents. The decree granted by consent in a suit to dissolve an association to which these defendants, among other persons, belonged, as illegal under the Sherman Anti-Trust Act (Act July 2, 1890, c. 647, 26 Stat. 209 [Comp. St. §§ 8820–8823, 8827–8830]), enjoined them from continuing a license under those patents and provided as follows:

"No defendant who was the owner of a patent or patents involved in this cause prior to January 31, 1917, so long as he acts separately and independently is enjoined by this decree from issuing to one or more of the defendants

acting separately and independently of each other any lawful license under such patent or patents."

The decree provided that the court retain jurisdiction to enable the parties to apply for modification of it, if it be thereafter shown that the provisions have become inadequate to maintain competition, or have become unduly oppressive to the defendants.

[1, 2] The government says that this case is not like that of Bement v. Harrow Co., 186 U. S. 70, 22 Sup. Ct. 747, 46 L. Ed. 1058, but like the so-called bathtub case, Standard Sanitary Mfg. Co. v. United States, 226 U. S. 47, 33 Sup. Ct. 9, 57 L. Ed. 107; that it is in effect an attempt by a combination of manufacturers either to fix prices on unpatented articles or to stifle competition between manufacturers under competitive patents. The petitions, on the other hand, contend that the patent to Discher is broad enough to dominate the Turner and Crabill patent, that any device manufactured under the latter will infringe the former, and that those patents are therefore not competitive.

To establish this proposition they refer to the decision of Geiger, J., whereby the Discher patent was held valid and allowed a certain range of equivalents. Not only does the decision of Judge Geiger, by reason of his reputation, have great prima facie weight, but it seems convincing with such information as to the record before him as I have available. It is by no means, however, a decision that the Discher patent is a broad patent. Brackets for fenders, both for automobiles and other traction mechanisms, were old in the art, and the idea of a fender having a bearing which gave a direct thrust was equally old. In view of the state of the art, this patent must, I think, be limited pretty strictly to the precise structure disclosed. The Turner and Crabill patent was, if valid, so different from that of Discher that I am most doubtful whether it infringes. Certainly Judge Geiger never so held. It shows a different kind of bracket from the two side plates which Discher uses. Brackets and bearings which would create a direct thrust were too old in the art to give Discher valid claims for a broad invention.

At all events such a matter as this should hardly be determined in a case where the petitioners, instead of being antagonists interested in holding either patent invalid, are consenting to have the patents both regarded as valid and noncompetitive. I could at best reach a superficial conclusion without the aid of testimony as to the practicability of either the Discher or Turner and Crabill devices, or the commercial success of such mechanisms as substantially followed their drawings. To modify the decree to which the defendants consented with their eyes open, I should have convincing proof that it is unjust and burdensome. While a different conclusion might perhaps be reached if the Turner and Crabill patent were held valid and to infringe the Discher patent after litigation against infringers conducted in good faith, where full testimony was before the court, I have been unable, after careful perusal of the matters submitted to me, to regard the present proof as justifying relief.

The application is denied.