**UNITED STATES of America,**
**Plaintiff,**

v.

**Lee SHUBERT, Jacob J. Shubert, Marcus Heiman, United Booking Office, Incorporated, Select Theatres Corporation, L.A.B. Amusement Corporation, Defendants.**

United States District Court
S. D. New York.
June 24, 1958.

Victor R. Hansen, U. S. Dept. of Justice, Washington, D. C., for the United States by Max Freeman, Washington, D. C., of counsel.

Gerald Schoenfeld and Bernard B. Jacobs, New York City, for defendants, Jacob J. Shubert and Select Theatres Corp.

IRVING R. KAUFMAN, District Judge.

By this motion the Shubert defendants, Jacob J. Shubert and Select Theatres Corporation, seek to modify the antitrust consent judgment filed on February 17, 1956.

That judgment provided inter alia that the defendants shall dispose of their interest in certain legitimate theatres located throughout the country within two years [1] and that all such dispositions shall be made to persons intending to use said theatres for legitimate theatri-

---

16. Callanan Road Improvement Co. v. United States, 345 U.S. 507, 513, 73 S. Ct. 803, 97 L.Ed. 1206.

1. This period was extended with the Government's consent to May 5, 1958, the date on which the present motion was filed.

cal purposes. The moving defendants have complied with these requirements with respect to ten theatres. They have not yet been able to dispose of their interests in the Blackstone or Great Northern Theatres in Chicago or the Cox or Shubert Theatres in Cincinnati as required under the terms of the consent judgment.

The Shubert defendants contend that the economic situation prevailing in the legitimate theatre business has so deteriorated that continued operations on a profitable basis in Cincinnati and Chicago are unfeasible and that they are unable to find purchasers who would be willing to risk capital in ventures of this kind. They urge upon this court that the judgment be modified so as to permit them to dispose of their interests without any restrictions as to the use thereof by the purchasers.

The Shubert defendants also seek modification of the provision requiring them to terminate their joint beneficial interest in the Cass Theatre in Detroit. Their interest in this theatre is held pursuant to a declaration of trust executed by E. D. Stair for himself and as President of E. D. Stair Corporation and by Jacob J. Shubert individually the terms of which allegedly prohibit sale of the Shubert interest to any party other than to the Stair interests. It is asserted on behalf of the moving defendants that negotiations for the sale of their interest to the Stair interests have proven unsuccessful and that the impasse that now exists between the parties prevents them from terminating their joint interest in the Cass Theatre.

In sum, the thrust of the movants' entire application for modification is that present conditions in Chicago, Cincinnati and Detroit render full compliance with the consent judgment impossible and that the modification as proposed will not derogate from the basic purpose sought to be achieved in the consent judgment. But the criterion as formulated by the Supreme Court very narrowly circumscribes the scope of inquiry that can be undertaken by the court in applications of this kind.

"The inquiry for us is whether the changes are so important that dangers, once substantial, have become attenuated to a shadow. * * Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed * * * with the consent of all concerned." United States v. Swift, 1931, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999.

Defendants having consented to the judgment with their eyes open, after long and detailed negotiations with representatives of the Government, nothing less than a convincing showing of oppression or absolute impossibility of performance, will warrant the relief herein requested. United States v. Discher, D. C.S.D.N.Y.1919, 255 F. 719. In this determination a showing that the proposed modification would not deprive the consent judgment of its intended effect in fostering competition in the legitimate theatre business is not the answer nor of any consequence. To permit modification on such a basis would deprive the consent judgment or decree of much of its vitality inasmuch as it would amount to an open invitation to defendants who have made concessions in order to reap the benefits of a halt in the civil prosecution to repudiate them later on a showing that the prohibited action does not violate the law. See Note, The Modification of Antitrust Consent Decrees, 63 Harv.L. Rev. 320, 322 (1949). Furthermore, the absence of a record or findings of fact precludes any intelligent reexamination of the underlying motivations or considerations which prompted the parties to provide as they did. I cannot reconstruct the agreement or consider whether alternate provisions could have accomplished or can now accomplish the basic objectives intended. Rather, if compliance is still possible without unreasonably burdening the movants, I must enforce the provisions of the judgment as written.

That the legitimate theatre business in Chicago and Cincinnati is suffering from economic ills is conceded by the Government. But the moving papers fall far short of demonstrating at this time the impossibility of disposing of the theatres named in the judgment for theatrical purposes. The divestiture provisions of the consent judgment require nothing less than an intensive solicitation of prospective purchasers. I am unable to conclude on the basis of the affidavits before me that the Shubert defendants have zealously exhausted every reasonable means for interesting prospective purchasers in the theatres qua threatres and that further efforts to locate satisfactory purchasers are predestined for failure. Certainly, as the Government points out, some possibilities have yet to be explored. Both the Adams Management and Investment Company and T. D. Nederlander have expressed an interest in the purchase of one of the theatres in Chicago and negotiations with these two prospective purchasers should be pursued more aggressively. In addition, the movants' reliance on local advertising and the publicity attendant upon the issuance of the final consent judgment as a means for promoting the sale of their theatres in Chicago and Cincinnati must be regarded as inadequate. A more intensified and diverse promotional and advertising program designed to interest prospective purchasers both within and outside of the trade is required.[2] Toward this end judicious advertising in leading dailies of nationwide distribution and in trade publications is indispensable.

The efforts of the Shubert defendants in Detroit to eliminate their joint interest in the Cass Theatre are susceptible to the same criticisms as above. Their endeavors along these lines lack the aggressiveness and initiative that would be necessary to move this court to effectuate a modification of the provision as consented to by both parties. Though efforts to sell their interest to the control-

ling Stair group have met with initial failure, the possibility of altering or revoking the declaration of trust provision prohibiting sale to a third person has not even been considered. It is incumbent upon the movants to explore this matter further particularly in view of the interest expressed by at least one outside source in acquiring a share in the Cass Theatre.

The motion for modification is denied. The period for compliance with the original judgment is extended for a period of six months from the date hereof with the proviso that the moving defendants report to the Department of Justice periodically and with details on their progress in carrying out the terms of the original judgment. Settle order.

---

2. There has been substantial interest in the purchase of legitimate theatres by investors outside the trade.